U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 2 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW WARNSTEDT<br>12604-014<br>VS.<br><br>FREDRICK MENIFEE, WARDEN | CIVIL ACTION NO. 06-1429<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on August 21, 2006 by *pro se* petitioner Andrew Warnstedt. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock (USPP) where he is serving a 180 month sentence imposed on June 12, 1997 following his February 18, 1997 conviction as an armed career criminal in the United States District Court for the District of Connecticut. [See United States of America v. Andrew H. Warstedt, aka Andrew H. Warnstedt, No. 3:96-cr-00168.]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED** with prejudice.

### *Statement of the Case*

On September 17, 1996, petitioner was indicted and charged

with violations of 18 U.S.C. §922(g)(1)[1] and 18 U.S.C. §924(e)[2] by a Federal Grand Jury in the District of Connecticut. [U.S.A. v. Warstedt, at doc. 7] On February 18, 1997 petitioner pled guilty [id., doc. 39], and, on June 12, 1997 he was sentenced to imprisonment for a term of 180 months. [id., at docs. 44 - 46.] Petitioner did not appeal his conviction and sentence [doc. 1-1, paragraph 3(i)]; instead, on July 23, 2001, he filed a Motion to Vacate which was denied on September 26, 2002. [U.S.A. v. Warstedt, at docs. 48 and 54] Petitioner argued two claims for relief in his §2255 Motion - (1) federal sentence defectively enhanced based on uncounseled conviction and, (2) ineffective assistance of counsel. [doc. 1-1, paragraph 3(k)]

On August 21, 2006 petitioner filed his *habeas corpus* petition in this court raising the following claims:

(1) Petitioner can demonstrate that Dretke v. Haley, 541 U.S.

---

[1] §922(g)(1) provides: "It shall be unlawful for any person - (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
\* \* \*
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] §924(e) provides: "(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."

386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) is retroactive to his claim of being "Actually Innocent" of the §924(e) Armed Career Criminal Act (A.C.C.A.) and therefore his claim can pass the Fifth Circuit's stringent test of the 28 U.S.C. §2255 "Savings Clause" where petitioner may file a 28 U.S.C. §2241(c)(3) writ of habeas corpus; (2) Petitioner's current sentence under 18 U.S.C. §924(e) (Armed Career Criminal Act) is illegal based upon the fact that 18 U.S.C. §922(g)(1) is a non-violent offense and movant is actually innocent of the Armed Career Criminal Acts enhancement; and, (3) Petitioner's counsel was deficient and rendered ineffective assistance to petitioner during the guilty plea and at the sentencing hearing.

## Law and Analysis

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243

F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his convictions under 18 U.S.C.§ 922(g)(1) and legality of the sentence imposed pursuant to §924(e). Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy

is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a <u>retroactively applicable Supreme Court</u> decision which establishes that he may have been convicted of a nonexistent offense, <u>and</u> (2) his claim was <u>foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion</u>. Reyes-Requena, 243 F.3d at 904.

Petitioner suggests that the United States Supreme Court decision of <u>Dretke v. Haley</u>, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) which was decided on May 3, 2004, is retroactive and establishes that he was convicted of a nonexistent offense. However, evan a generous reading of that case does not support his claim.[3] The case cited is wholly inapplicable to petitioner's contention that his § 2255 remedy is inadequate or ineffective and that is the underlying issue which this court must address before reviewing his claims on the merits.

---

[3] Nothing in <u>Dretke v. Haley</u> supports petitioner's conclusory allegation that he was convicted of a non-existent offense. <u>Dretke v. Haley</u> involved a Texas prisoner erroneously adjudicated a multiple offender under Texas' habitual offender law. However, petitioner procedurally defaulted that claim in the Texas Courts. On review from the grant of habeas corpus by the Fifth Circuit Court of Appeals, the United States Supreme Court addressed the actual innocence exception to the procedural default rule in the context of a *habeas corpus* petition under 28 U.S.C. § 2254. The Supreme Court held that "a federal court faced with allegations of actual innocence whether of the sentence or of the crime charged, must first address all nondefaulted claims of comparable relief and other grounds for cause to excuse the procedural default." 541 U.S. at 393-94, 124 S.Ct. at 1852.

Nor has petitioner shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. Therefore, his petition for writ of *habeas corpus* must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _29th_ day of _November_, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE